and, without passing upon the question of ethics involved, there is no doubt of the legal right of Justice Schnitzspan to make an appointment upon the happening of a vacancy at any time during his term of office, nor is there any doubt that the term of office of the appointee is for six years from the date of his appointment. The learned justice at special term has so fully covered the points involved that we do not consider it necessary to further discuss the matter.

The order appealed from should be affirmed, with costs.

---

RHOADS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. April 2, 1900.)

MOTION FOR PREFERENCE—LACHES.

     Failure of plaintiff to notice her case for trial for three terms after issue is not such laches as to defeat her motion for a preference, where there was no reason to believe that the case could have been tried at either of those terms; the only condition prescribed by Code Civ. Proc. § 793, being that she should serve notice of application with notice of trial, and that the application should be made at the term at which it was noticed.

Appeal from trial term, New York county.

Action by Elizabeth Rhoads, as administratrix, against the Metropolitan Street-Railway Company. From an order denying plaintiff's motion for a preference, she appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Thomas Allison, for appellant.

Charles F. Brown, for respondent.

PER CURIAM. The plaintiff was entitled to a preference, under subdivision 5 of section 791 of the Code of Civil Procedure. The only condition prescribed by the statute for obtaining such preference is that the party desiring it shall serve with his notice of trial a notice that an application will be made to the court for the preference, and that an application can only be made when the case shall have been noticed for trial, and at the term at which it is so noticed. Code Civ. Proc. § 793. No other condition is required. The laches which will defeat the motion is only that by which the opposing party has been injured. No such laches appears here. It is quite true that, the issues in this action having been joined in September, it might have been put on the November, December, and January term calendars. But there is no reason to believe that it could have been tried at any of those terms, and it is impossible to see what injury was done to the defendant by delaying putting the case on the calendar until there was a possibility of trying it. The case is within the rules laid down in Bailey v. Miles, 46 App. Div. 607, 61 N. Y. Supp. 977; Levy v. Hanneman, 47 App. Div. 32, 62 N. Y. Supp. 240.

The order refusing to grant the preference must be reversed, with $10 costs and disbursements, and the case sent back to the court below, with directions to grant the preference.