and must be set aside, and a new trial ordered. In view of this disposition of the appeal, we do not think it necessary to pass upon the alleged errors in rulings upon the trial and in the charge.

Judgment and order appealed from reversed, and new trial ordered, with costs to the appellant to abide event.

---

### WOODS v. AMERICAN PET–DOG CLUB.

(City Court of New York, General Term. December 13, 1900.)

ACTION AGAINST ASSOCIATION—APPEARANCE BY MEMBER—RIGHT TO QUESTION INDIVIDUALLY.

    A member of an association who by his attorney served a notice of appearance on its behalf in an action against it cannot individually question the appearance thus served, nor question the judgment rendered.

Appeal from special term.

Action by William J. Woods against the American Pet-Dog Club. From an order denying a motion on behalf of William J. Fryer for leave to withdraw a notice of appearance for defendant, alleged to have been served by mistake by his attorney, John J. Gleason, and to vacate the judgment roll and service of summons, said Fryer appeals. Affirmed.

Argued before McCARTHY, SCHUCHMAN, and O'DWYER, JJ.

John J. Gleason, for appellant.

William J. Woods, in pro. per.

PER CURIAM. The appeal herein is taken on behalf of William J. Fryer, and he is in no position to individually question the appearance served on behalf of the defendant, or to complain of the judgment entered against the defendant.

Order affirmed, with $10 costs and disbursements.

---

### LESSER v. DRY DOCK, E. B. & B. R. CO. et al.

(City Court of New York, General Term. December 13, 1900.)

INFANT PLAINTIFF—PREFERENCE ON THE CALENDAR.

    Code Civ. Proc. § 791, subd. 5, providing that an action is entitled to preference on the calendar in which an infant is the sole plaintiff, entitles an infant plaintiff to a preference as an absolute right in such a case where the claim is perfected by the service of a motion therefor with the notice of trial, as required by section 793; and delay, after issue joined, in placing the case on the calendar, cannot defeat the same.

Appeal from trial term.

Action by Grace Lesser, an infant, by Albert Lesser, her guardian ad litem, against the Dry Dock, East Broadway & Battery Railroad Company and another. From an order denying, on the ground of laches, a motion for a preference on the calendar, plaintiff appeals. Reversed.

Argued before McCARTHY, SCHUCHMAN, and O'DWYER, JJ.

Louis J. Vorhaus, for appellant.

Henry A. Robinson and John T. Little, for respondents.

PER CURIAM. The plaintiff, having complied with the only condition prescribed by the statute, is entitled to a preference as a matter of right; and delay, after issue joined, in placing the case on the calendar, cannot defeat this right. Subdivision 5 of section 791 of the Code provides that an action is entitled to a preference in which an infant is the sole plaintiff. The pleadings show that this is such a cause. The record shows, and it is not disputed, that the notice of motion for preference was served with the notice of trial, as required by section 793 of the Code. The claim of preference thus perfected thereupon became an absolute right. Rhoads v. Railway Co., 50 App. Div. 160, 63 N. Y. Supp. 724; Levy v. Hanneman, 47 App. Div. 32, 62 N. Y. Supp. 240.

Order appealed from reversed, with $10 costs and disbursements, and motion granted, without costs.